United States Court of Appeals
Fifth Circuit

**F I L E D**

October 23, 2003

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————————

No. 02-41607
Summary Calendar

———————————————

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

JUAN LUCIO; ARMANDO TREVINO,

                                        Defendants-Appellants.

--------------------
Appeals from the United States District Court
for the Southern District of Texas
USDC No. L-02-CR-778-3
--------------------

Before SMITH, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

     Armando Trevino and Juan Lucio appeal their convictions for

conspiracy to possess with intent to distribute over 100

kilograms of marijuana.  They argue:  (1) the evidence was

insufficient to support their convictions; (2) the district court

erred in allowing a federal agent's testimony about a co-

defendant's admission in violation of <u>Bruton v. United States</u>,

391 U.S. 123, 126-27 (1968), and FED. R. EVID. 803(b)(3); (3) the

district court abused its discretion in allowing expert testimony

------------------------

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

that amounted to impermissible opinion evidence; and (4) the prosecutor commented on the defendants' failure to testify.

Viewing the evidence in a light most favorable to the jury's verdict, there was sufficient evidence that both Lucio and Trevino knowingly participated in the marijuana conspiracy. See United States v. Ortega Reyna, 148 F.3d 540, 543 (5th Cir. 1998); United States v. Dean, 59 F.3d 1479, 1485 (5th Cir. 1995); United States v. Inocencio, 40 F.3d 716, 720-21, 26 (5th Cir. 1994).

Agent Michael Rubalcaba's testimony about co-defendant Juan Escamilla's confession, as redacted, did not pose a Bruton violation. Richardson v. Marsh, 481 U.S. 200, 211 (1987). Also, the testimony was admitted as evidence against only Escamilla and not Lucio or Trevino. See United States v. Sarmiento-Perez, 633 F.2d 1092, 1096 (5th Cir. 1981).

Agent Rubalcaba and Agent Ruben Garza's testimony about their experience with drug traffickers and the scout-car-cargo-car scenario did not amount to inadmissible opinion evidence and the district court did not abuse its discretion in allowing the testimony. See United States v. Riddle, 103 F.3d 423, 429 (5th Cir. 1997); see also United States v. Gutierrez-Farias, 294 F.3d 657, 662-63 (5th Cir. 2002), cert. denied, 537 U.S. 1114 (2003). Lastly, the prosecutor did not impermissibly comment on the appellants' failure to testify. See United States v. Dula, 989 F.2d 772, 776 (5th Cir. 1993).

AFFIRMED.